#### Staunton.

## THE VIRGINIAN RAILWAY COMPANY V. HURT AND OTHERS

### AND

## THE VIRGINIAN RAILWAY COMPANY V. LINKOUS AND OTHERS.

### September 14, 1911.

1. DAMAGES—*Injury to Standing Timber—Time of Assessment—General Rule—Exception.*—As a general rule, the damages for negligently injuring standing timber ought to be ascertained as of the date of the fire. But the facts of the particular case may be such as to take it out of the general rule. Where, for instance, there is no market for the injured timber as it stands, or the owners of it are infants and the timber cannot be disposed of promptly, then a different rule should apply.

2. DAMAGES—*Injury to Standing Timber—Infant Owners—Deterioration of Timber Pending Suit to Sell.*—In estimating the damages done to standing timber belonging to infants who are unable to sell it without the aid of a court of equity, there should be taken into consideration such deterioration, if any, resulting from the injury as would naturally and probably take place during the time reasonably necessary to obtain a decree and effect a sale of it, as such loss should be borne by the party inflicting the injury, and not by the infants.

3. DAMAGES—*Injury to Standing Timber—Time of Assessment—Instructions.*—In an action to recover damages for injury by fire to standing timber of infants, it is error to instruct the jury that the measure of damages is the difference between the fair cash value of the timber before the fire and a fair cash value after the fire, taking into consideration the deterioration, if any, arising as a natural and probable result of said fire within a reasonable time for marketing the same, where one of the plaintiffs had been permitted to testify, over the objection of the defendant, that, situated as he was, it would take him three or four years to remove the injured timber and that at the end of two years much of it would be worthless, and in the absence of any evidence as to the time within

which a disposition of the timber could probably be made through the aid of a court of equity. The instruction could not have aided the jury in coming to any just conclusion, was inapplicable to the evidence, and could but have misled them.

4. DAMAGES—*Injury to Standing Timber—Evidence of—Time Required to Market.*—In an action to recover damages for injury done by fire to standing timber, it was error to permit the plaintiff to testify as to the time it would take him to remove and market the timber, situated as he was. The question was not what the plaintiff could do, situated as he was, but what would be a reasonable time within which the timber could be marketed.

5. DAMAGES—*Injury to Standing Timber—Measure of Damages.*— In an action to recover damages for injury by fire to standing timber, where the plaintiff is *sui juris* and the timber has a market value at the time of the fire, the measure of damages is the difference between the market value of the injured timber immediately before the fire, and its market value immediately after the fire.

6. EVIDENCE—*Origin of Fire—Opinion of Witness.*—In an action to recover damages for injury resulting from a fire alleged to have been set out by a railroad engine, a witness cannot be asked, "if there was any other possible way for the fire to begin to burn from where you saw it," as it merely calls for the opinion of the witness upon a subject where opinion evidence is clearly inadmissible.

7. EVIDENCE—*Matters of Common Knowledge—Opinion Evidence.*— Opinion evidence is not admissible on matters of common knowledge, but if admitted it is generally mere harmless error.

8. EVIDENCE—*Relevancy—Direction and Velocity of Wind at a Different Time and Place from that Alleged.*—Where it is material to establish the direction and velocity of the wind at a particular hour of a designated day and at a certain place, the testimony of a witness as to the direction of the wind at a later hour of the same day, and of another witness as to the direction and velocity of the wind at another place some twenty or thirty miles distant, is admissible for what it is worth, as tending to show the direction and velocity of the wind at the time and place designated.

Error to judgments of the Circuit Court of Montgomery county in actions of trespass on the case. Judgment for the plaintiffs in each action. Defendant assigns error.

*Reversed.*

The opinion states the facts.

*H. T. Hall* and *G. A. Wingfield,* for the plaintiff in error.

*Longley & Jordan,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

These were actions of trespass on the case, instituted by the defendants in error to recover damages from The Virginian Railway Company for the destruction and injury of standing trees and other property resulting from fire put out, as is alleged, by the defendant railway company's negligence.

The cases were heard together and a verdict and judgment rendered in each against the railway company, writs of error were awarded to those judgments, and the cases were heard together in this court.

The first error assigned is to the action of the court in giving instruction No. 2 offered by the plaintiffs, and in refusing to give an instruction, also numbered 2, offered by the defendant, and in giving the latter instruction as modified by the court. The instructions, as offered, were in the following words:

### PLAINTIFFS' INSTRUCTION NO. 2.

"The court instructs the jury that the measure of damages to timber actually destroyed, if they believe from the evidence any was destroyed, is a fair cash value of such timber as it was at the place on the day it was destroyed; and the court instructs the jury that the measure of damages as to injured timber, if they believe any was injured, is the difference between such value of such timber before the fire and a fair cash value after the fire, *taking into consideration the deterioration, if any, arising as a natural*

*and probable result of said fire within a reasonable time for marketing the same."*

### DEFENDANT'S INSTRUCTION NO. 2.

"The court instructs the jury that the burden is on the plaintiffs to show, by a preponderance of testimony, the amount of the damages claimed by them.

"In estimating the damages as to the timber alleged to have been *injured or destroyed by the fire,* the jury should find the difference between the value of the timber where it stood before the fire and the value of the timber after the fire; in other words, the damage suffered is the difference between the fair cash value of the timber as it stood immediately before the fire and its fair cash value as it stood immediately after the fire."

Both instructions, as offered, recognized the same rule for estimating damages for "timber destroyed," viz: its value at the time it was burned. The instructions differed as to the rule to be applied in ascertaining the damages to the timber injured. The rule as contended for by the defendant was that the true measure of damages for the injured timber was the difference in its value immediately before and immediately after the fire. On the other hand, the plaintiffs claimed, and the court so held, that the measure of damages for such timber was the difference between the value of such timber before the fire and its value after the fire, taking into consideration the deterioration, if any, arising as a natural and probable result of the fire within a reasonable time for marketing the same.

As a general rule, the damages for negligently injuring standing timber ought to be ascertained as of the date of the fire. See, generally, *Wooden* v. *United States,* 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Sedgwick on Damages, sec. 933; Notes to *Bailey* v. *C. M. & St. Paul Ry. Co.,* 19 L. R. A. 653; Notes to *Ball* v. *Sims Lumber Co.,* 18 L. R. A. (N. S.) 244.

79

But the facts of the particular case may be such as to take it out of the general rule. Where, for instance, there is no market value for the injured timber as it stands, or the owners of it are infants and the timber cannot be disposed of promptly, then a different rule should apply.

In these cases the evidence tends to show that there was a market for the injured timber, and that it could readily have been disposed of; but in the case of Hurt and others against the defendant, a number of the plaintiffs were infants, incapable either of selling their interest in the land or the injured timber without the aid of a court of equity. Such deterioration, if any, resulting from the fire as would naturally and probably take place during the time reasonably necessary to obtain the aid of a court of equity in making disposition of the injured timber was a proper item to be considered in estimating the damages in that case, as clearly the defendant, and not the plaintiffs, should bear such loss.

There was evidence tending to show that if the timber could have been gotten off the land in a few months after the fire, the damage to it would have been very little, but if it had to be gotten off with a small force it would be damaged fifty *per cent.* or more. One of the plaintiffs was permitted to testify, over the objection of the defendant, that situated as he was it would take him three or four years to get the injured timber off the land, and that at the end of two years much of it would be worthless. Upon such evidence, and in the absence of evidence as to the time within which a disposition of the timber could probably be made through the aid of a court of equity, how could the instructions given as to the injured timber aid the jury in coming to any just conclusion? If they estimated the damages to the injured timber at some period subsequent to the date of the fire, at what period under the evidence could they fix it? At the end of three months, when the

evidence tended to show that there would be little deterioration, or at the end of two years when the evidence tended to show that the damage would be as much as fifty *per cent.* or at the end of three or four years, the time which one of the plaintiffs testified it would require him to market it, and during which period much of the timber would become worthless?

The instructions given as to the injured timber were not applicable to the evidence before the jury, and could but have misled them. Besides, the evidence of one of the plaintiffs upon which those instructions were in part based, that situated as he was it would take him three or four years to get the injured timber off the land and market it, was clearly inadmissible, and the court ought to have sustained the defendant's objection to it. The question was not what he could do in removing and marketing the timber, but the most the plaintiffs could claim under their own view of the law was, what would be a reasonable time within which the timber could be marketed.

We are, therefore, of opinion that the instructions given as to the manner of ascertaining the damages did not correctly state the law upon the evidence before the jury, and that for that error, as well as in permitting one of the plaintiffs to testify as to the time it would take him to remove and market the timber, situated as he was, the judgment of the court should be reversed.

It follows from what has been said that the said instructions as to the method of ascertaining the damages to the injured timber in the Linkous case were also erroneous. In that case the plaintiffs were *sui juris,* and the evidence shows that the timber had a market value at the time of the fire. The measure of damages in that case was the difference between the market value of the injured timber immediately before the fire and its market value immediately after the fire.

The plaintiffs asked one of their witnesses the following question, which she was permitted to answer over the defendant's objection:

"Q. You were asked how you knew that the fire was communicated from the north side of the railroad to the south side. I will ask you if there was any other possible way for the fire to begin to burn from where you saw it? A. No, sir; I do not think that there was any other way."

This action of the court is assigned as error.

The court ought to have sustained the defendant's objection. The evidence sought and obtained was merely the opinion of the witness upon a subject where opinion evidence was clearly inadmissible. The action of the court, however, would furnish no sufficient ground for reversal, as the circumstances under which the question was asked and answered show that no prejudice could have resulted to the defendant therefrom.

Another error assigned is to the action of the court in permitting one of the plaintiffs' witnesses to testify that it is a common occurrence that when fire is out sparks or coals from it will, when the wind is very high, blow long distances from one high point to another. That this is so is a matter of common knowledge, doubtless as well known to the jurors as to the witness. Opinion evidence is not admissible touching such matters, but if admitted is generally mere harmless error. *Va. Iron, Coal & Coke Co.* v. *Tomlinson's Admr.*, 103 Va. 249, 51 S. E. 362.

Errors are assigned to the action of the court in permitting witnesses Stanger and Lane to testify as stated in bills of exceptions numbered 5 and 7, respectively. The object of the evidence of these witnesses was to show the direction and velocity of the wind on the day of the fire. While Stanger testified to the direction of the wind at a later period in the day than the testimony tends to show

that the fire crossed from the lands on the north side of the defendant's road to the lands on the south side, and Lane testified as to the direction and the great velocity of the wind on that day, when he was some twenty or thirty miles distant, the evidence tends, we think, to sustain the plaintiffs' contention as to the direction and velocity of the wind, material facts in the case, at the time the injury occurred, and was, therefore, admissible for what it was worth.

The remaining assignment of error is to the refusal of the court to set aside the verdict in the case of Linkous, &c., because contrary to the evidence. As the judgment will have to be reversed and the verdict set aside for the errors hereinbefore pointed out, and the cause remanded for new trials to be had, in which the evidence may be different, it will serve no good purpose to consider that assignment of error.

In each case the judgment must be reversed, the verdict in each set aside, and the causes remanded for a new trial to be had not in conflict with the views expressed in this opinion.

*Reversed.*