# Richmond.

## CHESAPEAKE AND OHIO RAILWAY COMPANY v. BAYLOR, TRUSTEE.

### November 11, 1915.

### Absent, Keith, P.

1. DAMAGES—*Measure—Injury to Standing Timber.*—The measure of damages for injury by fire to standing timber is the difference between the market value of the injured timber immediately before the fire and its market value immediately after the fire.

2. INSTRUCTIONS—*Damages to Standing Timber—Withdrawing Evidence from Jury—Case at Bar.*—Testimony as to damages to standing timber by fire, given by witnesses who examined it three months after the fire, is admissible, and, in the absence of affirmative evidence of change of value in the interim, it will be presumed that the damage was the same as at the time of the fire. Such testimony is not withdrawn from the consideration of the jury by an instruction, given at the instance of the plaintiff, that the measure of damages is the difference between the market value of the timber immediately before the fire and its market value immediately after the fire, and if the defendant thought that the situation demanded elucidation, it should have requested the court to make it plain to the jury.

Error to a judgment of the Circuit Court of Albemarle county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*D. H. & Walter Leake,* for the plaintiff in error.

*Carter Braxton,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This writ of error brings under review the judgment of the Circuit Court of Albemarle county in an action for injury to standing timber on a tract of mountain land, the property of the defendant in error, from fire set out by the plaintiff in error's locomotive.

The single question pressed upon us in argument was the giving of instruction No. 1, and, incidentally, the alleged effect of that ruling on the measure of damages.

The plaintiff was *sui juris,* and the timber in question had a present market value.

The instruction was as follows: "The court instructs the jury that if they find for the plaintiff, then they shall assess his damages at an amount equal to the difference between the market value of the timber immediately before the fire, and its market value immediately after the fire."

In the case of *Virginian R. Co.* v. *Hurt,* 113 Va. 622, 72 S. E. 110, this court, speaking through Buchanan, J., said: "As a general rule, the damages for negligently injuring standing timber ought to be ascertained as of the date of the fire." Citing, *Woodenware* v. *United States,* 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230; Sedgwick on Damages, sec. 933; Notes to *Bailey* v. *C. M. & St. Paul Ry. Co.,* 19 L. R. A. 653; Notes to *Ball* v. *Sims Lumber Co.,* 18 L. R. A. (N. S.) 244. In 112 Va. at p. 627, 72 S. E. at p. 112, Judge Buchanan observes: "In that case (referring to one of the cases in judgment) the plaintiffs were *sui juris,* and the evidence shows that the timber had a market value at the time of the fire. The measure of damages in that case was the difference between the market value of the injured timber immediately before the fire and its market value immediately after the fire."

Most of the witnesses for the plaintiff were qualified to speak with respect to the condition and market value of the timber immediately before and immediately after the fire, while some

of his witnesses and all the defendant's witnesses examined the timber for the first time several months after the fire, and based their estimate of damages upon that examination.   From that premise (it not appearing affirmatively that, in the interval, there had been any change in the market in that locality), it was objected that the effect of the instruction was to destroy the force of defendant's testimony.

Obviously, the objection is without merit.   All the evidence on both sides was admitted, and the jury, doubtless, gave to the testimony of each witness the weight to which they deemed it entitled.   If the evidence for the defendant was not so cogent and convincing as that for the plaintiff, by reason, perchance, of the superior opportunity of his witnesses to reach a just conclusion with respect to the matter under investigation, surely that circumstance should in no way have influenced the trial court in giving an instruction to which the plaintiff clearly was entitled.

The instruction, in no proper sense, can be said to have had the effect of withdrawing the defendant's evidence on the *quantum* of damages from the consideration of the jury, and, if in the opinion of the defendant the situation demanded elucidation, it should have requested the court to make it plain to the jury.   The evidence as to the amount of damages was conflicting, nevertheless that on behalf of the plaintiff was ample to sustain the jury's award of $475.

The judgment is without error and is affirmed.

*Affirmed.*