## CIRCUIT COURT OF CAMPBELL COUNTY

The Corporation for
Jefferson's Poplar Forest

v.

Douglas Dellinger

August 15, 2003

Case No. CL01000228-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to give my decision in this case. I find in favor of the defendant. The case is dismissed.

The threshold issue in this case is whether the plaintiff has proven by a preponderance of the evidence that the defendant cut the trees on approximately one-half acre of the plaintiff's real estate. The plaintiff has failed to carry this burden of proof. There are no eyewitness who saw the defendant or any other person cutting the trees. The plaintiff's property is surrounded by a subdivision. Although many people live in this area, no eyewitness has come forward to identify the defendant as the person who cut the timber. The Bedford County Sheriff's Office investigated this incident. The deputy sheriff investigating this matter also did not find anyone who witnessed the cutting of timber.

A court may consider facts established by circumstantial evidence and draw reasonable inferences and deductions from such evidence. *Wooldridge v. Echelon Service Co.*, 243 Va. 458, 461, 416 S.E.2d 441 (1992). Even though circumstantial evidence may be considered, a court cannot base its decision on conjecture, surmise, or speculation. *Wooldridge, supra,* at 462.

In this case, the circumstances raise a suspicion that the defendant cut the trees. Prior to the cutting of the trees, the defendant had unsuccessfully requested permission from the plaintiff that he be allowed to cut these trees to improve the view from the rear of his home. These requests had been made both orally and in writing. Also, the general area wherein the cutting occurred had a similar configuration to a hand drawn sketch the defendant sent to the plaintiff requesting that he be allowed to cut the trees. Even though the defendant made these requests, it is merely conjecture, surmise, and speculation that he actually cut the timber. In order for the court to infer that he cut the timber, that inference must be reasonable. In this case, there is no other evidence that the defendant cut the timber other than his requests to the plaintiff.

Further, the preponderance of the evidence standard of proof requires that the tribunal be convinced "of the actual truth of the proposition to be proved." *Northern Virginia Power Co. v. Bailey*, 194 Va. 464, 471, 73 S.E.2d 425 (1952). In other words, there must be an actual belief in the truth of the proposition in the mind of the tribunal. *Northern Virginia Power Co., supra*, at 471. While the circumstances in this case are suspicious, there is not sufficient evidence to convince the court of the actual truth of the proposition that the defendant cut the timber.

Even though it is not necessary to decide this issue, I will discuss proof of damages. The plaintiff seeks compensatory damages in the amount of $87,131.00 and an additional sum for punitive damages. The compensatory damages are based upon the cost to replace and restore the trees cut on the plaintiff's property. These damages are not allowable under the common law of Virginia.

Generally, where timber is merchantable, damages for the loss of the timber are assessed. This is the difference between the market value of the timber immediately before the injury and immediately after the injury. *Virginian Ry. v. Hurt*, 112 Va. 622, 627, 72 S.E. 110 (1911). Where the timber is not merchantable, or is of special value, such as a shade tree, then damages must be assessed to the freehold. *Norfolk & W. Ry. v. Richmond Cedar Works*, 160 Va. 790, 804, 170 S.E. 5 (1933). The proper measure of damages to the freehold is the diminution in the market value of the property. *Norfolk &. W. Ry. v. Richmond Cedar Works, supra*, at 807. Accordingly, the measure of damages for injury to timber on real estate in Virginia is the difference in value of the timber immediately before the injury and immediately after the injury or the diminution in market value of the real estate. Neither of these measures of damages were utilized by the plaintiff. Plaintiff has presented evidence of only restoration and replacement costs.

This court can envision an expansion of the Virginia common law to allow replacement costs of decorative trees and shrubbery found within a yard or premises. Replacement costs could possibly be a proper measure of damages in the specific case where the shrubbery or timber does not have a merchantable value but has an intrinsic value to the owner. This, however, is not the instant case. In the instant case, the testimony, photographs, exhibits, and view established that the injury to the real estate of the plaintiff was caused to scrub trees and young trees. These are not trees that would have a special value to the landowner. Therefore restoration and replacement costs would be improper.

Further, while it is not necessary to make this decision, there is at least a nominal damage to the plaintiff in this case. If liability against the defendant were proven, the court would have found nominal damages of $100.00 and assessed an additional sum for punitive damages. Because, however, liability has not been established, the court cannot make this ruling.

I have prepared an order dismissing this case.

## Order

The parties appeared on August 12, 2003, and presented evidence in this case. Upon the evidence and exhibits presented, and the argument of counsel, the Court doth adjudge, order, and decree that the plaintiff's motion for judgment against the defendant is dismissed. The reasons for the ruling of this Court are set forth in its opinion letter dated August 15, 2003. The opinion letter of the Court dated August 15, 2003, is incorporated into this order and made a part thereof.

The objections of the plaintiff to the entry of this order are noted. Endorsement of this order is waived pursuant to Rule 1:13. This case is now ended and removed from the docket of this Court. A copy of this order has been mailed to counsel of record. The Clerk is further directed to mail a certified copy of this order to James Frederick Watson, Esq., and to Robert C. Wood, III, Esq.