## CIRCUIT COURT OF AMHERST COUNTY

Thomas A. Kostal
and Harriet A. Kostal

v.

Phillip E. Davis,
Dorothy Davis Payne,
and Phillip Tomlin

Case No. CL02005724

BY JUDGE J. MICHAEL GAMBLE

August 26, 2003

I am writing this letter to rule upon the motion in limine filed by the defendants. At this time, I will not sustain the motion in limine. The damage issues must be addressed at trial.

The plaintiffs seek damages for the loss of their timber, the loss in value of their real estate, and clean-up costs for their land.

Where merchantable timber is injured or destroyed, the measure of damages is the difference between the market value of the timber immediately before the injury and its market value immediately after the injury. *Virginian Ry. v. Hurt*, 112 Va. 622, 627, 72 S.E. 110 (1911); *Chesapeake & Ohio Ry. v. Baler*, 118 Va. 43, 45 (1915).

It is also possible to recover for diminution in market value of real estate where timber is destroyed. *Norfolk & Western Ry. v. Richmond Cedar Works*, 160 Va. 790, 806, 170 S.E. 5 (1933). This is particularly applicable where the market value of merchantable timber will not fully compensate the injured party. *Norfork & Western Ry. v. Richmond Cedar Works, Id.* at 808.

Accordingly, in the instant case, it is possible for the plaintiffs to prove damages for both the loss of merchantable timber and diminution of value of

the real estate freehold. Care, however, must be taken for the expert witness to make clear that the diminution in value of real estate does not include the value of the merchantable timber.

A more difficult issue involves whether clean-up costs are also recoverable. A strong argument can be made that to allow a recovery of clean-up costs and diminution in value would be a double recovery. The appraisal for damages on diminution in value establish a value of the land after the damage. If clean-up costs are allowed, the value of the land after the damage may be increased above the appraisal value with the rubbish still on the property. Thus, the change in value between the appraisal value after the damage to the value after the clean-up would be a double recovery.

Further, this type of recovery is generally not allowed for personal property. For instance, the law does not allow for both the total loss of a motor vehicle and its repair value. Also, it is theoretically possible for there to be a recovery of damage that is greater than the value of the land before any damage. These concerns make the recovery of clean-up costs problematic.

Notwithstanding the potential problems with a recovery of clean-up costs, I will not at this time grant the motion in limine. I will allow the plaintiffs to attempt to prove these damages. The Court, however, may eventually strike this evidence at trial.

March 17, 2004

I am writing this letter to render the decision of the Court in the above case. In this regard, I grant judgment in favor of the plaintiffs against the defendants in the amount of $12,986.46. This judgment consists of $7,608.72 for treble damages for the stumpage value of the timber cut, $4,963.76 for the diminution in value of five acres, $300.00 for the appraisal fee of Brian W. Edson, and $114.00 filing costs. An order is enclosed.

The estimate by Brian W. Edson of the stumpage value of the timber removed is the most complete and thorough expert evidence on this issue. Accordingly, the Court adopts the testimony of Mr. Edson.

Va. Code § 55-331 allows damages for the recovery of timber when "any person . . . encroaches and cuts timber on any timberland. . . ." No intent or negligence is required under this statute. Accordingly, all of the defendants are liable under this statute.

Further, the timber cutting on the property of the plaintiffs was not justified by prudent action or under a bona fide claim of right. The plats on record clearly established the mutual boundary line between the Kostal and Davis properties. Further, prior to the cutting of the timber, Jay Phaup, a

forester, established the mutual boundary line along the approximate area set forth on the plats. Further, he cautioned Mr. Tomlin to ascertain the location of the boundary line. While Mr. Tomlin followed the boundary suggested by Philip E. Davis, this boundary was clearly not the boundary set forth on the plat. Following an old fence line is neither prudent nor a bona fide claim of right. Thus, treble damages must be awarded pursuant to statute.

Va. Code § 55-333 allows a recovery of the expenses for making the estimate (not to exceed $200.00 per day) and Va. Code § 55-334 allows the recovery of costs. Mr. Edson visited the property on August 22 and wrote his report on August 24. Therefore, his $300.00 fee is within the $200.00 per day limit under Va. Code § 55-333. The Court interprets "costs" to mean court costs. This means filing fees are recoverable. Appraisal fees, deposition fees, aerial photographs, and expert witness fees are not recoverable. Generally, unless specified by statute, the award of costs is limited only to those costs essential for the prosecution of the suit, such as filing fees or charges for service of process. *Advanced Marine Enterprises v. PRC, Inc.*, 256 Va. 106, 126, 501 S.E.2d 148 (1998).

In addition to recovery of treble damages for the value of the timber removed, the plaintiffs are entitled to a recovery for the diminution in value of the real estate caused by the cutting of the timber. The testimony and photographs established by a preponderance of the evidence that five acres of the plaintiffs' property were denuded by the removal of timber by the defendants. This has created a diminished value of the real estate as of the time of the cutting. Va. Code § 55-335 specifically allows other civil remedies in addition to the stumpage value of the timber. Further, diminution in market value is an approved measure of damages for injury to real estate caused by the removal of timber. *Norfolk & Western Ry. v. Richmond Cedar Works*, 160 Va. 790, 806, 170 S.E. 5 (1933); *Honaker Lumber Co. v. Kiser*, 134 Va. 50, 58, 113 S.E. 718 (1922).

A trespass is an unauthorized entry onto property which results in interference with the property owner's interest. Proof of negligence and intention is not required. *Cooper v. Horn*, 248 Va. 417, 423, 448 S.E.2d 403 (1994). Clearly, the defendants have trespassed onto the real estate of the plaintiffs because they entered the property and interfered with their possessory interest by cutting the timber. The main question is not whether a trespass occurred, but the amount of the damages for the reduction in value caused by the cutting of the timber. The expert for the plaintiffs placed a value of $5,000.00 per acre on the plaintiffs' real estate. This is excessive. The comparables used by the plaintiffs' expert were smaller subdivision parcels which have a higher value by acreage unit. The Court finds that the value

established by the defendants' expert of $3,500.00 per acre is the fair-market value of the plaintiffs' real estate. The Court further finds that, based upon the testimony, there is a reduction of $1,500.00 per acre on the five acres from which the trees were removed. The Court finds that there is no reduction in value for the remainder of the plaintiffs' real estate. Accordingly, the total reduction in value is $7,500.00. The stumpage value of the trees removed $2,536.24 must be subtracted. Accordingly, the reduction in value of the five acres is $4,963.76.

Accordingly, the Court grants a total judgment of $12,986.48 in favor of the plaintiffs against the defendants.

March 18, 2004

*Order*

This case matured for trial on March 16, 2004. Appearing were the plaintiffs, together with their attorney, Henry C. Devening; Philip E. Davis, together with his attorney, Joy Lee Price; and Phillip Tomlin, together with his attorney, Eric L. Sisler. Upon the testimony and exhibits presented and the argument of counsel, the Court adjudges, orders, and decrees that the plaintiffs are granted judgment against the defendants in the amount of $12,986.48. Endorsement is waived pursuant to Rule 1:13. A copy of this order has been mailed to counsel. This case is now ended and dismissed from the docket of this Court.